UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMON C. DUPAS**            **CIVIL ACTION NO.**

**VERSUS**            **21-472-SDD-EWD**

**FELICIANA FORENSIC FACILITY**

**ORDER**

Plaintiff Raymon C. Dupas ("Dupas"), who is representing himself and who is confined at the Eastern Louisiana Mental Health System in Jackson, Louisiana, brought this suit on or about August 12, 2021 against the "Feliciana Forensic Facility" pursuant to 42 U.S.C. § 1983.[1] While it appears that Dupas is complaining about medical care and he says he is "not getting treated with equality," he has failed to state which individuals he believes are responsible for these complaints. He has only named the Feliciana Forensic Facility as a Defendant.[2]

To successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that shows each defendant's participation in the alleged wrong.[3] The Supreme Court has held that "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[4] Currently, Dupas' Complaint does not attribute any alleged wrongdoing to any person or entity that is subject to suit.[5] Rather than dismissing his lawsuit at this time, Dupas will be given another opportunity to allege specific facts that he believes support

---

[1] R. Doc. 1.
[2] R. Docs. 1, 4, and 5.
[3] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[5] The Feliciana Forensic Facility, the only named Defendant, is not a "person" subject to suit under § 1983. *Harrison v. Jefferson Parish Correction Center*, No. 14-2844, 2015 WL 5083787, at *6 (E.D. La. May 11, 2015) ("Feliciana Forensic Facility is a building and therefore not a cognizable person for purposes of suit under § 1983.").

his claims against the Feliciana Forensic Facility or any other individual or entity, if possible.[6] Accordingly,

**IT IS ORDERED** that, by no later than **February 3, 2023**, Plaintiff Raymon C. Dupas must file an amended complaint on the standardized § 1983 lawsuit form (same form used before), stating specific facts to support his claims against any individual or entity he wishes to name as a Defendant. In any amended complaint, Dupas must provide the details of his claims as explained below. Dupas is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit stating the same limited facts originally given without providing more details. The amended complaint must expressly address the following:

1) Who has denied you treatment for your complaints?[7] For example, Dupas claims that "Nurses are refusing to give me my laxative." Dupas needs to specifically state what nurses have failed to provide his laxative and when. Dupas also needs to state how long he had to wait for a laxative after having been denied and what harm he suffered as a result of the delay in providing the laxative.

2) Please explain your claim that "The guards and social workers when to my court case (hearing) on October 22nd 2020. I'm not getting treated with equality."[8]

Dupas is placed on notice than an amended complaint takes the place of the previous complaint.[9] His amended complaint will be the operative complaint for this lawsuit and must

---

[6] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Dupas may be alleging these constitutional violations were a result of actions or inactions by Dr. Elizabeth Cain and Dr. James McConnville, (*see* R. Doc. 10, Notice of Proof of Service), but Dupas must specifically state that these are his intended defendants and provide specific facts regarding what these two individuals did or did not do that constitutes a violation of Dupas' constitutional rights.
[7] R. Doc. 4, p. 1.
[8] R. Doc. 4, p. 1.
[9] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).

include all defendants, claims, and facts. Dupas is instructed to place the cause number "3:21cv472" on the amended complaint and on all documents that he files in this lawsuit.

**Dupas is also placed on notice that this lawsuit may be dismissed if he fails to timely comply with this Order.**

Signed in Baton Rouge, Louisiana, on January 13, 2023.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

3