UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMON C. DUPAS (#3579)                     CIVIL ACTION NO.

VERSUS                                             21-472-SDD-EWD

FELICIANA FORENSIC FACILITY

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 17, 2023.

                                                        **ERIN WILDER-DOOMES**
                                                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMON C. DUPAS (#3579)                                   CIVIL ACTION NO.

VERSUS                                                    21-472-SDD-EWD

FELICIANA FORENSIC FACILITY

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Plaintiff Raymon C. Dupas ("Dupas"), who is representing himself and who is confined at the Eastern Louisiana Mental Health System ("ELMHS") in Jackson, Louisiana. Based on the screening required by 28 U.S.C. § 1915A, it is recommended that Dupas' claims be dismissed with prejudice for failure to state a claim and that this Court decline to exercise supplemental jurisdiction over potential state law claims.

**I.    BACKGROUND**

Dupas filed this suit on or about August 12, 2021 against the Feliciana Forensic Facility pursuant to 42 U.S.C. § 1983.[1] This Court ordered Dupas to amend his Complaint to try to better allege the facts supporting his claims.[2] Dupas amended his complaint to again name the Feliciana Forensic Facility, as well as Dr. Cain and Dr. McConnville, as Defendants ("Defendants"). Dupas alleges that Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[3] He seeks injunctive, and monetary relief.[4]

---

[1] R. Doc. 1.
[2] R. Doc. 12.
[3] R. Doc. 1.
[4] R. Doc. 13, p. 8.

## II.    LAW & ANALYSIS

### A.  Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune.[5] The statute gives the court the ability early in the case to separate claims that may have merit from those that lack a basis in law or in fact, and the court may dismiss any claim that does not pass screening, before service of process or before any defendant has answered.  Because Plaintiff is incarcerated and has filed suit against prison officials, his claims are subject to the screening process.

To determine whether a Complaint fails to state a claim, courts apply the same standard used for dismissals under Fed. R. Civ. Proc. 12(b)(6).[6]  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  For a complaint to survive dismissal, it must have enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[10]

---

[5] 28 U.S.C. §1915A.
[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Id.*
[10] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[11] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[12] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[13] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[14]

### B. Dupas Has Not Stated a Claim Against Any Defendant

To successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that shows each defendant's participation in the alleged wrong.[15] For supervisory defendants, who did not directly participate, a plaintiff must show that the defendant established policies that are the cause of the alleged violation or breached a duty under state law.[16] Dupas has failed to make any allegations against the Feliciana Forensic Facility, Dr. Cain, or Dr. McConnville.[17] Rather, he lists complaints generally regarding the state of his health.[18] None of the facts indicate that any Defendant has been directly involved in the medical care given or not given to Dupas. Nor do any facts alleged indicate that any Defendant established policies that

---

[11] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[12] *Id.*, at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[13] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[15] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).
[16] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[17] As was previously explained to Dupas, stating a civil rights claim against the Feliciana Forensic Facility under 42 U.S.C. § 1983 is legally impossible. § 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." The Feliciana Forensic Facility is not a "person" subject to suit under § 1983. *Harrison v. Jefferson Parish Correction Center*, No. 14-2844, 2015 WL 5083787, at *6 (E.D. La. May 11, 2015) ("Feliciana Forensic Facility is a building and therefore not a cognizable person for purposes of suit under § 1983."). The Court notified Dupas of this deficiency in the Order directing Dupas to amend his complaint. *See* R. Doc. 12.
[18] R. Doc. 13, pp. 4-6. Dupas also oddly includes unrelated complaints regarding his previous marriage, his difficulty holding steady employment, money problems, and an incident where it appears he saw a dead priest. R. Doc. 13, pp. 6-7. These complaints are wholly different than Dupas' deliberate medical indifference claims and are not discussed.

Dupas claims caused any violations of his constitutional rights. Without these facts, Dupas has not stated a claim that any Defendant violated his constitutional rights.

### C. Dupas Has Not Stated an Eighth Amendment Claim for Deliberate Indifference to a Serious Medical Need

Even if Dupas had attributed fault to a properly named Defendant, his complaints do not rise to the level of deliberate indifference. To establish liability for deliberate medical indifference, an inmate plaintiff must show "subjective recklessness as used in the criminal law."[19] The claim must meet both an objective test and a subjective test.[20] The objective test requires plaintiffs to show that the alleged constitutional deprivation was, objectively, "sufficiently serious."[21] To meet the subjective test, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[22] Whether the plaintiff has received the treatment or accommodation that she desires is not enough to state a claim for deliberate indifference unless there are exceptional circumstances.[23] Even negligence, neglect, unsuccessful treatment, or medical malpractice, will not generally establish deliberate medical indifference.[24] Rather, the deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct" that would clearly show a complete disregard for any serious medical needs.[25]

Dupas complains that he has digestive issues but admits he is being treated with medication and has undergone over five colonoscopies, presumably in an attempt to diagnose and treat his

---

[19] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[20] *Id.*, at 837.
[21] *Id.*, at 834, quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).
[22] *Id.*
[23] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[24] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).
[25] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

digestive problems.[26] He also complains that he talks to himself and has neck and foot pain but admits he is being treated with occupational therapy "to learn how to better cope with the pain."[27] These statements indicate Dupas is being treated for his problems, though not as successfully as he may hope. However, unsuccessful treatment does not establish deliberate indifference.[28] Dupas also speculates that he is not being prescribed the proper medication for his digestive issues,[29] but this amounts to a disagreement with treatment, which is also not enough to establish deliberate indifference.[30] Because he has not provided facts to support a claim for deliberate indifference to a serious medical need against a properly named Defendant, Dupas' federal claims are subject to dismissal.[31]

### D. Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that Dupas' allegations may be interpreted as a request for this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[32] District courts are given "wide latitude" in

---

[26] R. Doc. 13, p. 4.
[27] R. Doc. 13, p. 4.
[28] *Varnado*, 920 F.2d at 321.
[29] R. Doc. 13, p. 5.
[30] *Parrott v. Sizemore*, No. 20-40586, 2022 WL 2072866, at *2, (5th Cir. 2022), citing *Norton v. Dimazana*, 122 F.3d 286, 291-92 (5th Cir. 1997) (an inmate's dissatisfaction or disagreement with the medical treatment he receives does not amount to deliberate indifference).
[31] Dupas should not be granted further leave to amend to attempt to state a claim because the Court already gave Dupas the opportunity to provide relevant facts to support his claim by ordering him to amend his complaint and answer specific questions to help explain the facts about his claims. R. Doc. 12. *See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (*pro se* litigants should ordinarily be offered an opportunity to amend prior to dismissal). Although he timely responded to the Court's Order (R. Doc. 13), Dupas has still failed to provide facts to adequately support his claims.
[32] 28 U.S.C. § 1367.

resolving state law claims,[33] and "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[34] Having recommended dismissal of Dupas' federal claims, it is appropriate to decline supplemental jurisdiction over any potential state law claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over potential state law claims, that Dupas' federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915A, and that this case be **CLOSED**.[35]

Signed in Baton Rouge, Louisiana, on March 17, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[33] *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011), quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966).
[34] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))).
[35] Dupas is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Recommendation be adopted, the dismissal will count as a strike.